NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0170n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 13-6414

FILED
Mar 05, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR THE |
| RODRIGO MACIAS-FARIAS, ) | WESTERN DISTRICT OF KENTUCKY |
| ) | |
| Defendant-Appellant. ) | |

Before: GRIFFIN and STRANCH, Circuit Judges; and STEEH, Senior District Judge.[*]

GEORGE CARAM STEEH, Senior District Judge.

Defendant's first appeal to this court resulted in a remand for resentencing before the district court. At resentencing, defendant Rodrigo Macias-Farias argued that his new sentence should be lowered based on his efforts at rehabilitation while incarcerated. The district court resentenced Macias-Farias to 295 months of prison, a reduction of over two-years from his original sentence. On appeal, Macias-Farias argues that the district court failed to consider or explain its reasons for allegedly rejecting his argument for leniency. Because the record reflects that the district court did consider defendant's leniency argument in reducing his sentence, we AFFIRM.

_____

[*] The Honorable George Caram Steeh, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

## I. BACKGROUND

Macias-Farias was convicted by a jury of conspiring to possess more than 1,000 kilograms of marijuana with intent to distribute and aiding and abetting that possession. The district court first sentenced Macias-Farias to 320 months imprisonment. In doing so, the district court enhanced his sentence two levels for obstruction of justice finding that he perjured himself when he testified at trial. Macias-Farias appealed. We affirmed his conviction but remanded the case for resentencing because the district court's findings were insufficient to support an obstruction of justice enhancement. *United States v. Macias-Farias*, 706 F.3d 775, 783 (6th Cir. 2013).

Upon resentencing, the district court made specific findings that Macias-Farias had perjured himself when he testified at trial and concluded that his offense level of 38, criminal history category II, and guideline range of 262 to 327 months remained the same as determined at the original sentencing. (R. 419 at 11). The government filed a resentencing memorandum that addressed the sole issue of whether defendant had perjured himself at trial. (R. 404). In his response to the government's resentencing memorandum, Macias-Farias argued that the court should lower his sentence based on his rehabilitation while incarcerated, stating that he had completed 12 hours of anxiety and phobia management, stress management, and anger management respectively. (R. 407 at 5). Macias-Farias also argued that he was furthering his education, had obtained no disciplinary reports, had exhibited good behavior, good living skills, and improved family/communication skills. *Id.* At resentencing, the government argued that the court should impose the original sentence of 320 months, and opposed any reduction on the grounds that defendant committed his drug-

trafficking offenses while on supervised release; thus suggesting he had not been rehabilitated. R.. 419 at 12).

Also, the district court specifically informed the parties that it had reviewed their resentencing memoranda and adjourned the hearing for several hours so that the court could look at the briefs more closely. *Id.* at 5. Macias-Farias, through counsel, informed the court that he sought a reduced sentence based on his alleged rehabilitation and the court informed counsel that it understood that to be his argument. *Id.* The government argued that the court should reject Macias-Farias's argument that he had made "post-rehabilitative efforts, anger management, and whatever else was pointed out [as those efforts] do[] not overcome the previous factors that were considered by this Court and the previous arguments made by the United States." *Id.* at 12. In response, defense counsel argued at some length that Macias-Farias's sentence should be reduced to 240 months on the grounds that he had reformed while in prison:

> When you look at Mr. Macias-Farias, in the very short period of time relative to the guideline range, he has done a lot of things in order to improve his life, improve his demeanor, change his ways, and he continues on with his development of living skills, family and communication skills, and work skills. This is all things that are – when 3553 was written, these are all things that were taken into consideration in mitigation, not aggravation.
>
> Forward-looking is what happens to somebody from the moment that he is caught or from the moment that he is starting to rehabilitate himself. Mr. [Macias-]Farias spent a relatively short period of time compared to the time that Your Honor gave him originally and has already shown changes in his behavior. His level and custody suggest a decrease in recidivism. He has no disciplinary reports. He has worked very hard to conduct himself and to improve himself in jail. I believe that behavior like that should be warranted with a show of good rather than with a stick or further punishment. . . . The progress that he has made until today only in a couple years shows and indicates his future conduct.

3

*Id.* at 13-14. Immediately after defense counsel argued for leniency, the district court stated on the record:

> All right. I've considered all these factors, the advisory guidelines, and 18 U.S.C. Section 3553(a). This is a serious charge. On reflection, I don't think that the overall circumstances deserve a sentence at the high end of the guidelines, which is what happened the first time around. I think that, considering all the circumstances, the appropriate sentence would be at the mid range of the guideline range, which is still a very significant sentence.

*Id.* at 14. The district court imposed a sentence of 295 months, which was more than two years less than the original sentence. *Id.* at 15. In doing so, the court further explained that "[t]he sentence is within the advisory guideline range, and otherwise for the reasons stated, the Court believes it is sufficient, not less so or more so than is necessary, to provide reasonable punishment and security." *Id.* at 15-16.

## II. ANALYSIS

### A. Procedural Reasonableness Review

"[C]ourts of appeals must review all sentences . . . under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence within the advisory Guidelines range is entitled to "a rebuttable presumption of reasonableness." *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006) (internal quotation marks and citation omitted). At sentencing, Macias-Farias did not object to the sentence imposed or to the district court's alleged failure to consider his leniency argument. The district court inquired as to whether the parties had any objections to the sentence pronounced as required by *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), and Macias-Farias having failed to so object, his appeal is subject to plain error review. *United States*

*v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) (citing *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (*en banc*)). "To show plain error, a defendant must show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (citing *Vonner,* 516 F.3d at 386). No such error has been committed here.

## B. The District Court Considered Defendant's Post-Sentencing Rehabilitation

When a defendant's sentence has been set aside on appeal, upon remand, the district court may consider evidence of defendant's rehabilitation since his prior sentencing in determining a new sentence. *Pepper v. United States*, 562 U.S. 476, __, 131 S. Ct. 1229, 1241 (2011). Macias-Farias argues that the district court failed to consider his argument for leniency upon resentencing based on his alleged rehabilitation while in prison. The sentencing judge must set forth his or her reasons for a particular sentence and "[r]eversible procedural error occurs if the sentencing judge fails to 'set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) (quoting *Rita v. United States,* 551 U.S. 338, 356 (2007)). The length and specificity of the district court's articulation of the rationale for the sentence imposed will vary: "[s]ometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Rita*, 551 U.S. at 357. The law is well settled that "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained

the basis for rejecting it." *Richardson*, 437 F.3d at 554. Reading the resentencing transcript as a whole, it is clear that the district court both considered Macias-Farias's leniency argument and lowered his sentence.

Immediately after defense counsel argued at some length about Macias-Farias's improved behavior while in prison, the district court stated that "I've considered all these factors," which was a clear reference to defense counsel's arguments. (R. 419 at 14). The district court also indicated that it had read defendant's resentencing memoranda and understood defense counsel's argument in favor of a reduced sentence based on Macias-Farias's conduct while in prison. *Id.* at 5. The district court did not reject Macias-Farias's arguments for a lower sentence, but in fact lowered his sentence significantly. Once the district court made specific findings that defendant perjured himself at trial, thus warranting the sentencing enhancement, and ruled that the same Guidelines range applied, the only other issue before the court which was raised by the parties, either in their resentencing memoranda or at oral argument, was whether defendant's sentence should be reduced for his alleged good conduct and rehabilitative efforts while incarcerated. Thus, the only basis for the district court's imposition of a lower sentence upon remand was defendant's changed circumstances post-sentencing. In sum, Macias-Farias has failed to show that the district court made an obvious or clear error at resentencing that affected his substantive rights, or that affected the fairness, integrity, or public reputation of the judicial proceedings. *Wallace*, 597 F.3d at 802.

### III. CONCLUSION

The sentence imposed by the district court is AFFIRMED.